JAMES C. COOPER, Assignee, v. THOS. L. WILLIAMS and others.

Where A obtained a judgment against B, Clerk of the Superior Court, for a sum of money in his hands by virtue of his office, and B died, and his administrator, upon demand, failed to pay the money: *Held,* that the court below erred in overruling a motion by the plaintiff for judgment upon the official bond of the Clerk, under the provisions of Bat. Rev., chap. 80, sec. 24.

CASE AGREED, heard before HENRY, J., at Spring Term, 1876, of GRANVILLE Superior Court.

On the 2nd day of October, 1872, the late Calvin Betts was Clerk of the Superior Court of Granville County, and the defendants were sureties upon his bond, executed to secure the faithful performance of his duty as Clerk as aforesaid.

On said day said Clerk received, by virtue of his office, the sum of $337.95, for and on account of one Simon Philpot.

Afterwards, to-wit : on the 2nd day of November, 1872, said money while in the hands of said Clerk was, at the suit of Augustine Landis against said Philpot, who was a non-resident of this State, attached. At the July Special Term, 1875, of the Superior Court of said county, said Augustine Landis recovered a judgment against said Philpot in said suit for the sum of $375.00, with interest on $200.00 from the 5th day of July, 1875, and said sum of $337.90, in the hands of said Clerk, was condemned by said judgment to the satisfaction of said Landis' judgment against said Philpot.

It is further agreed that Calvin Betts died intestate in said county on the 6th day of March, 1874, and that the defendant, John W. Hays, is his administrator. It is further agreed that a demand for said money ($337.90) was made upon said administrator and also upon B. H. Cozart, the present Clerk of the Superior Court of said county and the immediate successor of said Betts in said office, before the issuing of the notice upon which this motion is based ; and that the defendants had more than ten days' notice before the beginning of this term, of the purpose of the plaintiff to make this motion.

It is further agreed that the said Landis has assigned his interest in said judgment to the plaintiff. The notice, upon which this motion is based, was directed to John W. Hays as administrator of Calvin Betts, as well as to the defendants; but upon the trial the plaintiff by leave of the Court entered a *nol. pros.* as to the administrator.

If the Court shall be of opinion for the plaintiff, judgment shall be entered in his favor for $337.90, with interest on the same from the second day of October, 1872, and for his cost of action. Otherwise judgment is to be entered for the defendants."

The Court being of opinion with the defendants rendered judgment accordingly, and thereupon the plaintiff appealed.

*Batchelor & Son*, for the appellant.
No counsel *contra* in this Court.

RODMAN, J. This case comes before us upon a case agreed, which the Reporter will insert.

The substance of it is, that Landis recovered a judgment against Betts, Clerk of the Superior Court of Granville, for a sum of money which he had in his hands by virtue of his office. Landis assigned that judgment to the plaintiff; the Clerk died, and his administrator has failed to pay the money after demand. The plaintiff then moved for judgment upon the Clerk's bond under Bat. Rev., chap. 80, sec. 14, which was refused by the Judge below, and the plaintiff appealed. No reason is assigned upon the record, nor has any been suggested in this Court, why the plaintiff should not have judgment on the case agreed. None occurs to us.

Judgment below reversed. The plaintiff is entitled to judgment in this Court according to the case agreed.

PER CURIAM.                    Judgment reversed.